SEYFARTH SHAW LLP
William J. Dritsas (SBN 97523)
wdritsas@seyfarth.com
Eden Anderson (SBN 233464)
eanderson@seyfarth.com
560 Mission Street, 31st Floor
San Francisco, California 94105
Telephone: (415) 397-2823
Facsimile: (415) 397-8549

Attorneys for Defendant
TESORO REFINING AND MARKETING
COMPANY

LAW OFFICES OF RANDAL M. BARNUM
Randal M. Barnum (SBN 111287)
Lindsay R. Batcha (SBN 264192)
279 East H Street
Benicia, CA 94510
Telephone: (707) 745-3747
Facsimile: (707) 745-4580

Attorneys for Plaintiff
BULMARO OROZCO

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BULMARO OROZCO,<br><br>           Plaintiff,<br><br>    v.<br><br>TESORO REFINING AND MARKETING COMPANY, EAGLE REFINERY, and DOES 1 - 50, inclusive,,<br><br>           Defendants. | Case No. C 11-5756 CRB<br><br>**STIPULATION AND [PROPOSED] ORDER CONTINUING DEADLINE TO COMPLETE MEDIATION**<br><br>Date Action Filed: October 11, 2011 |

    Plaintiff Bulmaro Orozco and Defendant Tesoro Refining and Marketing Company, collectively "the Parties", by and through their counsel, stipulate and agree as follows:

    1.    WHEREAS, this action was filed on October 11, 2011.

---

1

STIPULATION AND [PROPOSED] ORDER CONTINUING DEADLINE TO COMPLETE MEDIATION
NO. 11-CV-05756-CRB

2.      WHEREAS, the Court held an initial Case Management Conference ("CMC") on March 16, 2012. At the CMC, the Court set July 13, 2012 as the deadline for the Parties to complete mediation.

3.      WHEREAS, Plaintiff's Complaint alleges three causes of action. The First Cause of Action alleged is for disability discrimination, failure to engage in the interactive process, failure to accommodate disability, and failure to prevent discrimination in violation of California's Fair Employment and Housing Act. The Second Cause of Action alleged is for retaliation for taking medical leave in violation of the California Family Rights Act. The Third Cause of Action alleged is for tortious discharge in violation of public policy. Among other items of alleged damage, Plaintiff seeks to recover damages for alleged "emotional distress, embarrassment, humiliation, and mental anguish."

4.      WHEREAS, because Plaintiff's alleged disability is issue in the case, as well as his claim for emotional distress damages, Defendant began the process in January 2012 of seeking Plaintiff's medical and psychiatric records from his treating health care providers at Kaiser Permanente ("KP").

5.      WHEREAS, due to various mishaps described *infra*, KP has yet to release any of Plaintiff's psychiatric records.

6.      WHEREAS, in a January 25, 2012 letter, defense counsel provided Plaintiff's counsel with a KP Authorization for Use or Disclosure of Patient Health Information ("Authorization") and asked that the Authorization be signed and returned to defense counsel so that the subject medical and psychiatric records could then be subpoenaed from KP.

7.      WHEREAS, although Plaintiff signed the Authorization, he did not return it to his counsel, but instead delivered it to KP. As a result, a new Authorization needed to be prepared to begin the subpoena process. Thus, on March 15, 2012, defense counsel provided a new Authorization to Plaintiff's counsel via e-mail.

8.      WHEREAS, Plaintiff promptly signed the Authorization on March 26. However, it was inadvertently not provided to defense counsel until April 16, 2012.

9. WHEREAS, the Authorization and accompanying subpoena were thereafter served on KP. Unfortunately, Plaintiff's signature on the Authorization was dated March 26, **2013** and KP would not honor a post-dated Authorization.

10. WHEREAS, the process of obtaining a signed Authorization thus began anew in June 2012 when the error was discovered. While Defendant has received some of Plaintiff's medical records from KP, it has not yet received Plaintiff's psychiatric records which are relevant to Plaintiff's alleged mental disability and emotional distress claim.

11. WHEREAS, defense counsel would prefer to have these key documents in hand before commencing Plaintiff's deposition. In addition, Defendant's efforts to obtain key documents from Plaintiff's union has, to date, been unsuccessful. A subpoena requesting the production of various documents from Plaintiff's union was served on May 17, 2012. (An earlier subpoena was, at the Union's request, served on the Union's counsel, but the Union then claimed improper service.) No response or objections were received by the June 1, 2012 deadline to respond. It appears it may become necessary for Court intervention to enforce the subpoena.

12. WHEREAS, in addition to this litigation, Plaintiff is pursuing a grievance against Defendant relating to his termination. An arbitration of that grievance is set to begin on August 30, 2012.

13. WHEREAS, the Parties believe that it would not be productive to engage in mediation until after certain depositions have occurred, including Plaintiff's deposition and that of his former supervisor, John Zamarripa, as well as a person most knowledgeable at Tesoro concerning the reasons for Plaintiff's termination. In addition, mediation would be more productive if scheduled to occur after the above mentioned arbitration.

14. WHEREAS, the undersigned defense counsel has a family vacation planned for September 2-11, 2012.

NOW THEREFORE, all Parties hereto stipulate and agree, and request, that the Court enter an Order continuing the deadline to complete mediation for 90 days (*i.e.*, to October 11, 2012).

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED: June 29, 2012                                SEYFARTH SHAW LLP


By:/s/ Eden Anderson
   William J. Dritsas
   Eden Anderson
Attorneys for Defendant
TESORO REFINING AND MARKETING COMPANY

DATED: June 29, 2012                                LAW OFFICES OF RANDAL M. BARNUM


By:/s/ Randal M. Barnum
   Randal M. Barnum
   Carrie E. Croxall
Attorneys for Petitioner
BULMARO OROZCO

**ORDER**

Good cause appearing therefor,

IT IS SO ORDERED.

Case Management Conference continued to October 12, 2012 at 8:30 a.m.

Dated:   July 5, 2012

Hon. Charles R. Breyer
United States District Judge

IT IS SO ORDERED
Judge Charles R. Breyer

4

STIPULATION AND [PROPOSED] ORDER CONTINUING DEADLINE TO COMPLETE MEDIATION
NO. 11-CV-05756-CRB

14597228v.1